UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIFFANY H.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 24-5015-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

      Plaintiff appeals the denial of her Supplemental Security Income application.[1] She contends the ALJ misevaluated medical opinion evidence and her testimony. Dkt. 13. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

      The Court will reverse the ALJ's decision if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation omitted). The Court may not reverse the ALJ's decision if an error is harmless. *Id.* at 1111. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

In August 2022, after evaluating Plaintiff, Dr. Mansfield-Blair opined she "would have a low to moderate level of difficulty" performing simple, repetitive tasks, and work activities without special instruction; "would have difficulty" accepting instructions from supervisors, interacting with coworkers, sustaining attendance, and completing a workday without interruptions; "would have a moderate to high level of difficulty" performing detailed or complex tasks; and "would not be able to" manage funds in her own interest. Tr. 614-15. The ALJ found the doctor's opinion persuasive, noting the opined moderate cognitive and social functioning limitations were consistent with the agency evaluators' findings and was well-supported by the longitudinal record, including exam results, treatment notes, and Plaintiff's activities. Tr. 29.

The applicable regulations require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff contends the ALJ erred by finding Dr. Mansfield-Blair's opinion persuasive but failing to include all of the limitations the doctor assessed in determining Residual Functional Capacity (RFC). The Commissioner disagrees arguing the ALJ is not obligated to wholesale adopt all limitations in an opinion. The Court agrees an ALJ is not required to adopt all limitations from a medical opinion that is found persuasive. *See Swenson v. Sullivan*, 876 F.2d 683, 688 (9th Cir. 1989). But the question here is whether the ALJ erred by finding the opinion

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 2

persuasive but omitting, without explanation, the assessment that Plaintiff would have difficulty with instructions, interactions, sustaining attendance, and completing a workday. The Court concludes the ALJ erred in this regard.

RFC is the most a claimant can do despite limitations and is assessed based on all relevant evidence in the record. 20 C.F.R. § 416.945(a)(1). An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The Commissioner is responsible for "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citation omitted). These regulations require an ALJ to articulate how persuasive each medical opinion is and explain how the ALJ considered the supportability and consistency factors.

The Commissioner argues the ALJ reasonably incorporated Dr. Mansfield-Blair's opinion by limiting Plaintiff to work with simple instructions and only occasional interaction with coworkers and the public. Dkt. 21 at 3-5. However, even accepting the RFC determination incorporates difficulty with instructions and interacting, the ALJ's implicit rejection of the assessment that Plaintiff would have difficulty sustaining attendance and completing a workday without disruption without any explanation as to the relevant factors, is erroneous. *See*, *e.g.*, *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) ("By disregarding [medical] opinions and making contrary findings, [the ALJ] effectively rejected them. [The ALJ's] failure to offer reasons for doing so was legal error."); *Ismael A. v. Berryhill*, 2018 WL 6697178 at *4 (C.D. Cal. Dec. 19, 2018) (concluding ALJ erred by purporting to accept doctor's opinions but implicitly rejecting some of them without providing any reasons); *Trejo v. Comm'r of Soc. Sec.*, 2023 WL 2752194 at *3 (E.D. Cal. Mar. 31, 2023) (same).

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 3

The Court also notes in evaluating Dr. Mansfield-Blair's opinion, the ALJ found the opinion assessed "some difficulty accepting instructions from supervisors and interacting with coworkers," and "some difficulty maintaining regular attendance and completing a normal workday without interruption from a psychiatric condition." Tr. 29. But Dr. Mansfield-Blair assessed Plaintiff's limitations using specific difficulty levels: "low to moderate difficulty," "would have difficulty," "moderate to high difficulty," and "not able to." Tr. 614-15; *see also Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ's decision unsupported by substantial evidence where "paraphrasing of record material is not entirely accurate regarding the content or tone of the record.").

Dr. Mansfield-Blair opined Plaintiff "would have difficulty" accepting instructions, interacting, sustaining attendance, and completing a workday. Tr. 614-15. It is insufficient for an ALJ to simply disagree with a doctor. *See Reddick*, 157 F.3d at 725 (The ALJ must do more than offer his conclusions. The ALJ must set forth his or her own interpretation and explain why they, rather than the doctors are correct). The level of specificity and context in an opinion can significantly affect how a claimant's abilities are assessed and what accommodations or supports they might require. A claimant who "would have difficulty" accepting instructions might need different support than another person who has "some difficulty" with the same task. The Court finds the ALJ erred by not resolving this ambiguity.

As the ALJ erred, the Court addresses whether the error is harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Generally, an ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115. The Commissioner argues the ALJ did not harmfully err because the ALJ considered Dr. Mansfield-Blair's opinion, determined that it assessed moderate limitations

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 4

consistent with the record, and incorporated these limitations into the RFC. Dkt. 21 at 3-5. But the ALJ did not specify what records contradicted the parts of the opinion the ALJ rejected. Instead, the ALJ deemed Dr. Mansfield-Blair's opinion as persuasive and broadly consistent with the record, generally citing medical opinion evidence (Tr. 166-70, 180-84, 555-60, 610-616, 622), treatment notes (Tr. 562-75, 587-88, 591-609, 637-38), six lay witness statements (Tr. 448-52, 464), and Plaintiff's function reports. Tr. 407-17, 453-60. None of the records the ALJ cited undermine the assessment that Plaintiff would have difficulty sustaining attendance or completing a normal workday without disruption. Thus, the Court finds the ALJ's error was not harmless.

Plaintiff also contends the ALJ failed to provide legally sufficient reasons for rejecting her testimony and LMHC Pat Beck's opinion. Dkt. 13 at 6-7. The ALJ's evaluation of this evidence was closely tied to the reasons the ALJ provided when assessing Dr. Mansfield-Blair's opinion. Tr. 24-27, 31. Because the Court has found the ALJ must reassess Dr. Mansfield-Blair's opinion, on remand, the ALJ shall also reassess Plaintiff's testimony and LMHC Beck's opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the opinions of Dr. Mansfield-Blair, LMHC Beck, and Plaintiff's testimony, develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 24th day of June, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge